IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PREMIER AIR CHARTER, INC., and CYPRESS COVE AIR, LLC,

Plaintiffs,

v.

PARADIGM JET MANAGEMENT, INC., DOES 1 through 10, inclusive,

Defendants.

Case No.

Hon.

# COMPLAINT

Plaintiffs Premier Air Charter, Inc. ("Premier") and Cypress Cove Air, LLC ("Cypress") (collectively, "Plaintiffs"), by and through their undersigned attorneys, hereby file this Complaint against Defendant Paradigm Jet Management, Inc. ("Paradigm") and Does 1 through 10, and allege as follows:

## PARTIES

1. Premier Air Charter, Inc. is an Arizona company with its principal place of business at 2006 Palomar Airport Road, Carlsbad, California 92011.

2. Premier is engaged in the business of aircraft ownership, management, and charter operations. Premier is the owner of the Gulfstream IV aircraft, Serial No. 1273, FAA Registration No. N450EJ.

3. Cypress Cove Air, LLC is an Arizona limited liability company with its principal place of business at 22510 N18th Drive, Phoenix, Arizona 85027.

4. Cypress is the owner of the Gulfstream IV aircraft, Serial No. 1202, FAA Registration No. N236CA.

5. Paradigm Jet Management, Inc. is a Michigan corporation with its principal place of business at 800 Ellis Road, Muskegon, Michigan 49441.

6. Paradigm is a licensed aircraft charter and management company and holds FAA Air Carrier Certificate No. 9PMA916L.

7. Plaintiffs do not know the true names or capacities of the defendants sued herein as Does 1 through 10, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe, and thereupon allege, that Paradigm, and the defendants named as Does 1 through 10, and each of them, are and acted as the agents, partners, co-venturers, shareholders, directors, employees, servants, or alter egos of each other. By virtue of such capacities, Paradigm and defendants sued herein as Does 1 through 10, and each of them, are legally responsible for the conduct, acts, and omissions alleged herein. Plaintiffs will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 10 when their identities are discovered.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties to this action and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. This Court has personal jurisdiction over Paradigm because Paradigm is incorporated in Michigan and maintains its principal place of business in Muskegon, Michigan.

10. Venue is proper under 28 U.S.C. §§ 1391(b)–(d) because Paradigm resides in this District and a substantial portion of events giving rise to this dispute occurred in this District.

## GENERAL ALLEGATIONS

### The Agreements

11. Plaintiffs restate and incorporate by reference the preceding paragraphs of this Complaint as if set forth in full herein.

12. On or about September 1, 2024, Premier and Paradigm entered into an Aircraft Dry Lease Agreement (the "N450EJ Agreement") covering one Gulfstream IV aircraft, Serial No. 1273, FAA Registration No. N450EJ (the "N450EJ Aircraft"). A true and correct copy of the N450EJ Agreement is attached as **Exhibit 1** and incorporated herein by reference.

13. On or about September 1, 2024, Cypress and Paradigm entered into an Aircraft Dry Lease Agreement (the "N236CA Agreement", together with the N450EJ Agreement, the "Agreements") covering one Gulfstream IV aircraft, Serial No. 1202, FAA Registration No. N236CA (the "N236CA Aircraft", together with the N450EJ Aircraft, the "Aircrafts"). A true and correct copy of the N236CA Agreement is attached as **Exhibit 2** and incorporated herein by reference.

14. Under the Agreements, Plaintiffs dry leased the Aircrafts to Paradigm for Paradigm to operate under its FAR Part 135 Air Carrier Certificate for on-demand charter flights and associated positioning, training, and maintenance flights.

15. Further pursuant to the Agreements, Paradigm agreed to exercise its best efforts to maximize charter income for each Aircraft.

16. Under Section 3(c) of the Agreements, Paradigm was obligated to remit to Plaintiffs the quoted hourly charter rate of $7,000 per flight hour, "regardless if it is a live passenger leg, or reposition leg for any and all charter flights booked by Lessee."

17. Paradigm was then permitted to retain sixteen percent (16%) of the quoted hourly rate charged to third-party charter customers.

18. Section 26 of the Agreements further provides that Paradigm "guarantees to Lessor, a minimum of fifty (50) hours of paid flight time per month at the rate specified in section 3c of this agreement."

19. At $7,000 per hour, this guarantee yields a contractual minimum of $350,000 per Aircraft per month. The guarantee is averaged over a twelve-month period and is reduced only by 1.7 hours per day that the Aircrafts are not dispatchable due to owner interference, mechanical issues, lack of crew availability, or force majeure.

20. Section 21 of the Agreements provides that any sums due to Plaintiffs not received within fifteen days of the original due date are subject to a five percent (5%) late payment fee.

21. Section 20(b) of the Agreements provides that, in the event of a breach by Paradigm, Plaintiffs may withhold payment for services until the breach is cured and may terminate the Agreement without notice. Upon termination, as a remedy for Paradigm's breach, Premier is entitled to recover all damages, costs of collection, expenses, court costs, and attorney fees arising from the breach.

22. Beginning in 2024, Paradigm failed to pay the amounts owed under the Agreements, including amounts due under the minimum flight guarantee. Despite Plaintiffs' repeated efforts to resolve the outstanding balances, Paradigm refused to satisfy its payment obligations.

23. Paradigm's failure to remit the amounts due constitutes a material breach of the Agreements.

**Termination and Repossession**

24. On or about January 29, 2026, after Paradigm's continued non-payment, Plaintiffs delivered to Paradigm the required thirty-day written termination notice for the Agreements.

25. At that time, the N450EJ Aircraft was located in Austin, Texas, where it had been grounded for approximately two months due to mechanical issues. Premier repeatedly requested updates from Paradigm regarding the aircraft's mechanical status and whether it could be returned, but Paradigm failed to respond.

26. Premier dispatched its director of maintenance to Austin to inspect and service the N450EJ Aircraft, and subsequently dispatched contract pilots to fly the aircraft back to Carlsbad, California.

27. Premier informed Paradigm of its intention to retrieve the N450EJ Aircraft. The following morning, when Premier's team was prepared to depart, Premier discovered that a component of the nose landing gear had been removed, rendering the aircraft unable to fly.

28. Paradigm then informed Premier that it would not release the N450EJ Aircraft until Premier paid an alleged outstanding balance.

29. Upon information and belief, Paradigm or its agents then removed the nose landing gear component specifically to prevent the N450EJ Aircraft from being moved.

30. Under Section 4(b) of the N450EJ Agreement, Premier owned all beneficial and equitable title to the N450EJ Aircraft. Paradigm had no legal right to disable or detain Premier's property.

31. Premier ultimately sent a team to replace the disabled component and flew the N450EJ Aircraft back to Carlsbad.

32. Due to Paradigm's continued non-payment, Plaintiffs also repossessed the N236CA Aircraft.

**COUNT I**
**BREACH OF CONTRACT — N450EJ AGREEMENT**

33. Plaintiffs restate and incorporate by reference the preceding paragraphs of this Complaint as if set forth in full herein.

34. The N450EJ Agreement constitutes a valid and binding contract between Premier and Paradigm, under which Paradigm agreed to operate the N450EJ Aircraft for charter flights and to pay Premier the hourly charter rate and minimum flight guarantee as further described herein.

35. Under the N450EJ Agreement, Paradigm expressly guaranteed a minimum of fifty (50) hours of paid flight time per month at $7,000 per hour and agreed to remit charter revenues to Premier.

36. Premier performed all conditions, covenants, promises, and terms required to be performed by it under the N450EJ Agreement.

37. Paradigm breached the N450EJ Agreement by, among other things, (a) failing to remit the minimum guaranteed flight-hour payments; (b) refusing to pay charter revenue due to Premier; and (c) otherwise failing to comply with its payment obligations under the N450EJ Agreement.

38. As a direct and proximate result of Paradigm's breach, Premier has sustained damages in an amount not less than $1,525,459.00, plus 5% late payment fees, prejudgment interest, costs of collection, expenses, court costs, and attorneys' fees as provided under the N450EJ Agreement.

## COUNT II
## BREACH OF CONTRACT — N236CA AGREEMENT

39. Plaintiffs restate and incorporate by reference the preceding paragraphs of this Complaint as if set forth in full herein.

40. The N236CA Agreement constitutes a valid and binding contract between Cypress and Paradigm, under which Paradigm agreed to operate the N236CA Aircraft for charter flights and to pay Cypress the hourly charter rate and minimum flight guarantee.

41. Under the N236CA Agreement, Paradigm expressly guaranteed a minimum of fifty (50) hours of paid flight time per month at $7,000 per hour and agreed to remit charter revenues to Cypress.

42. Cypress performed all conditions, covenants, promises, and terms required to be performed by it under the N236CA Agreement.

43. Paradigm breached the N236CA Agreement by, among other things: (a) failing to remit the minimum guaranteed flight-hour payments; (b) refusing to pay charter revenue due to Cypress; and (c) otherwise failing to comply with its payment obligations under the N236CA Agreement.

44. As a direct and proximate result of Paradigm's breach, Cypress has sustained damages in an amount not less than $3,168,506.00, plus 5% late payment fees, prejudgment interest, costs of collection, expenses, court costs, and attorneys' fees as provided under the N236CA Agreement.

## COUNT III
## COMMON LAW CONVERSION

45. Plaintiffs restate and incorporate by reference the preceding paragraphs of this Complaint as if set forth in full herein.

46. At all relevant times, Premier held all legal, beneficial, and equitable title to the N450EJ Aircraft and all of its components pursuant to Section 4(b) of the N450EJ Agreement.

47. Without legal authority or judicial intervention, Paradigm or its agents intentionally exercised dominion and control over and interfered with Premier's possessory interest in the N450EJ Aircraft by removing a component of the nose landing gear to prevent the N450EJ Aircraft from being moved and by refusing to release the aircraft to Premier.

48. Paradigm further intentionally exercised dominion and control over and interfered with Premier's possessory interest in the N450EJ Aircraft's nose landing gear by removing the same from the N450EJ Aircraft.

49. Upon information and belief, Paradigm is still in possession of the N450EJ Aircraft's nose landing gear, to the exclusion of Premier.

50. Paradigm's actions impaired the condition, quality, and value of the N450EJ Aircraft and deprived Premier of the use of the N450EJ Aircraft for an extended period.

51. Paradigm's actions have also permanently deprived Premier of the use of the N450EJ Aircraft's nose landing gear.

52. Premier did not give Paradigm permission to remove, use, or otherwise possess the N450EJ Aircraft's nose landing gear or the N450EJ Aircraft after Premier attempted to repossess the same.

53. Premier demanded the return of the N450EJ Aircraft's nose landing gear, to which Paradigm refused.

54. As a direct and proximate result of Paradigm's wrongful interference with and assertion of dominion over Premier's property, Premier has suffered damages, including repair costs, personnel costs and travel expenses, and loss of use, in an amount to be proven at trial.

**COUNT IV**
**STATUTORY CONVERSION**

55. Plaintiffs restate and incorporate by reference the preceding paragraphs of this Complaint as if set forth in full herein.

56. At all relevant times, Premier held all legal, beneficial, and equitable title to the N450EJ Aircraft pursuant to Section 4(b) of the N450EJ Agreement.

57. Without legal authority or judicial intervention, Paradigm or its agents intentionally exercised dominion and control over and interfered with Premier's possessory interest in the N450EJ Aircraft by removing a component of the nose landing gear to prevent the N450EJ Aircraft from being moved and by refusing to release the aircraft to Premier.

58. Paradigm further intentionally exercised dominion and control over and interfered with Premier's possessory interest in the N450EJ Aircraft's nose landing gear by removing the same from the N450EJ Aircraft.

59. Upon information and belief, Paradigm is still in possession of the N450EJ Aircraft's nose landing gear, to the exclusion of Premier.

60. Paradigm's actions impaired the condition, quality, and value of the N450EJ Aircraft and deprived Premier of the use of the N450EJ Aircraft for an extended period.

61. Paradigm's actions have also permanently deprived Premier of the use of the N450EJ Aircraft's nose landing gear.

62. Premier did not give Paradigm permission to remove, use, or otherwise possess the N450EJ Aircraft's nose landing gear or the N450EJ Aircraft after Premier attempted to repossess the same.

63. Premier demanded the return of the N450EJ Aircraft's nose landing gear, to which Paradigm refused.

64. Paradigm's removal and use of the N450EJ Aircraft and its nose landing gear amounts to conversion under MCL 600.2919a, which caused Premier to suffer damages.

65. As a direct and proximate result of Paradigm's wrongful interference with and assertion of dominion over Premier's property, Premier has suffered damages, including repair costs, personnel costs and travel expenses, and loss of use, in an amount to be proven at trial.

**COUNT V**
**ACCOUNT STATED**

66. Plaintiffs restate and incorporate by reference the preceding paragraphs of this Complaint as if set forth in full herein.

67. Pursuant to the Agreements, Paradigm was obligated to remit to Premier and Cypress the hourly charter-rate payments, minimum flight-guarantee payments, and other sums due for Paradigm's use and operation of the Aircraft.

68. During the parties' business relationship, Plaintiffs regularly calculated and presented to Paradigm the amounts due and owing under the Agreements, including amounts due for minimum guaranteed flight hours, charter revenues, and other contractual obligations.

69. Plaintiffs rendered statements of account to Paradigm reflecting the balances due under the Agreements.

70. Paradigm received the statements of account and was aware of the balances claimed by Plaintiffs.

71. Despite receiving the statements of account, Paradigm did not object to the accuracy of the balances stated within a reasonable time.

72. Rather than disputing the balances reflected in the statements of account, Paradigm acknowledged the parties' ongoing accounting of amounts due under the Agreements while failing to remit payment.

73. Plaintiffs made repeated demands for payment of the outstanding balances due under the Agreements.

74. Paradigm failed and refused to pay the amounts reflected in the statements of account despite Plaintiffs' demands for payment.

75. By failing to timely object to the statements of account and by retaining the benefits of the parties' business relationship without payment, Paradigm assented to the correctness of the balances stated by Plaintiffs.

76. An account is therefore stated between Plaintiffs and Paradigm for the amounts due under the Agreements, including but not limited to the following:

a. $1,525,459.00, together with applicable interest and other amounts recoverable under the Agreements, due to Premier; and

b. $3,168,506.00, together with applicable interest and other amounts recoverable under the Agreements, due to Cypress,.

77. An affidavit verifying the balance due on the account due by Paradigm to Plaintiffs is attached as **Exhibit 3**.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment against Defendants, as follows:

### COUNT I

1. For damages in an amount to be proven at trial, but in no event less than $1,525,459.00;

2. For prejudgment interest at the legal rate;

3. For reasonable attorneys' fees to the extent recoverable under applicable law;

4. For costs of suit; and

5. For such other and further relief as the Court deems just and proper.

**COUNT II**

A. For damages in an amount to be proven at trial, but in no event less than $3,168,506.00;

B. For prejudgment interest at the legal rate;

C. For reasonable attorneys' fees to the extent recoverable under applicable law;

D. For costs of suit; and

E. For such other and further relief as the Court deems just and proper.

**COUNT III**

A. For damages in an amount to be proven at trial;

B. For prejudgment interest at the legal rate;

C. For reasonable attorneys' fees to the extent recoverable under applicable law;

D. For costs of suit; and

E. For such other and further relief as the Court deems just and proper.

**COUNT IV**

A. For damages in an amount to be proven at trial;

B. For prejudgment interest at the legal rate;

C. For reasonable attorneys' fees to the extent recoverable under applicable law;

D. For costs of suit;

E. For treble damages pursuant to MCL 600.2919a; and

F. For such other and further relief as the Court deems just and proper.

**COUNT V**

A. For damages in an amount to be proven at trial;

B. For prejudgment interest at the legal rate;

C. For reasonable attorneys' fees to the extent recoverable under applicable law;

D. For costs of suit; and

E. For such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: August 17, 2026

BUTZEL LONG, P.C.

By: /s/ Daniel V. Barnett

Daniel V. Barnett
300 Ottawa Ave. NW, Ste. 620
Grand Rapids, Michigan 49503
Telephone: 616.988.5600
barnett@butzel.com

SNELL & WILMER L.L.P.

By: /s/ Jeffrey M. Singletary

Jeffrey M. Singletary (pro hac forthcoming)
Kevin M. Brown
Susan G. Biscardi
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
Telephone: 714.427.7000
jsingletary@swlaw.com
kmbrown@swlaw.com
sbiscardi@swlaw.com

*Attorneys for Plaintiffs*